UNITED STATES DISTRICT COURT`
WESTERN DISTRICT OF NEW YORK

ROBERT COENE and VALERIE
COENE,

                                        Plaintiffs,

                                                        **10-cv-6546CJS**

                        v.

3M COMPANY, AS SUCCESSOR BY
MERGER TO MINNESOTA MINING &
MANUFACTURING COMPANY AND/OR
ITS PREDECESSORS/SUCCESSORS IN
INTEREST, DTM CORPORATION,
VALIMET, INC., POTTERS INDUSTRIES,
INC., AND ARKEMA, INC.,

                                        Defendants.

<u>**DEFENDANT ARKEMA, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**</u>

**NIXON PEABODY LLP**
*Attorneys for Defendant*
1300 Clinton Square
Rochester, New York 14604
Telephone:  (585) 263-1000


Christopher D. Thomas
Of Counsel

## PRELIMINARY STATEMENT

Plaintiffs Robert and Valerie Coene ("plaintiffs") have filed a complaint (the "Complaint") alleging that Robert Coene developed silicosis as a result of using defendant Arkema, Inc.'s ("Arkema") products during his employment with the Eastman Kodak Company.  Specifically, plaintiffs assert claims against Arkema sounding in product liability (including failure to warn and design/manufacturing defects), negligence, and breach of implied warranty.[1]

Plaintiffs' claims against Arkema suffer from a fatal defect: they contain no factual allegations connecting any of Arkema's products to plaintiffs' alleged injuries. Indeed, the Complaint does not even identify a particular Arkema product as being at issue, instead making generic references like "these chemicals" and "these materials." Such vague allegations fail to give Arkema sufficient notice of the claims against it. For the reasons set forth fully below, Arkema moves to dismiss plaintiffs' fundamentally defective complaint in its entirety as to Arkema pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

## STATEMENT OF FACTS

In reviewing a Rule 12(b)(6) motion, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  See

---

[1] The Complaint also asserts a number of claims exclusively against defendant 3M Company, see Complaint ¶¶28-57, as well as a claim for loss of consortium on behalf of Valerie Coene. Complaint ¶¶ 58-60. It is not clear from the Complaint whether the loss of consortium claim is directed exclusively to 3M Company, or is asserted against all defendants; the allegations therein, however, refer only to 3M Company. Complaint ¶ 60. To the extent Count V of the Complaint is directed to Arkema, however, it must fail because it is derivative of Counts VI-VIII, which fail against Arkema as a matter of law.

Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co., 32 F.3d 697, 699-700 (2d Cir. 1994).

Nevertheless, the Court "need not accord [l]egal conclusions, deductions or opinions

couched as factual allegations . . . a presumption of truthfulness.'" See Calif. Pub.

Employees' Ret. Sys. v. N.Y. Stock Exch. Inc., 503 F.3d 89, 95 (2d Cir. 2007) (internal

quotation marks, citation, and alteration omitted), cert. denied, 128 S. Ct. 1707 (2008).

The Complaint sets forth three causes of action against Arkema: product liability,

negligence, and breach of implied warranty. The bulk of the Complaint consists of

allegations against defendant 3M Company; there are very few allegations which refer

to the other defendants, including Arkema. The Complaint sets forth the following

allegations in support of plaintiffs' claims against Arkema.  The Complaint alleges that

Arkema  "manufactured pow[d]er[2] coatings which contained silica or would transform

into crystalline silica during the industrial process occurring at the Eastman Kodak

plant," that the presence of silica in these products caused plaintiff Robert Coene to

develop silicosis, and that Arkema failed to warn Robert Coene that "the materials and

products in question" could cause silicosis. Complaint, ¶ 26.

The rest of the allegations against Arkema are completely conclusory. The

Complaint repeats the allegations regarding Arkema's purported failure to warn Robert

Coene, and also alleges that Robert Coene's illness was "proximately caused by a

defect or defects in the design, manufacture, and/or marketing of these chemical

---

[2] The Complaint alleges that Arkema manufactured "power coatings" containing silica. Such a product, however, does not appear to exist. Based on the products that Arkema actually does manufacture, Arkema believes that the Complaint meant to allege that Arkema manufactured "powder coatings" containing silica. The remainder of this memorandum operates on this assumption. In the event that the Complaint did mean to refer to "power coatings," the Complaint is even more defective, as it is not clear that such a product even exists.

products," that the defects were present while Arkema controlled "the chemical products in question," and that the defects made "these chemical products" unreasonably dangerous. Complaint, ¶¶ 61-62. The Complaint further alleges that Arkema was negligent in "developing, manufacturing, selling, distributing, and/or transporting the products in question," and that Arkema's negligence caused "the decedent's death"[3] and Robert Coene's injuries. Complaint, ¶ 63. The Complaint  alleges that Arkema was negligent by failing to warn plaintiff of "the hazards associated with the inhalation of these chemicals,"[4] failure to properly test "these chemicals," failure to inform end users of proper handling methods, and failure to provide accurate material safety data sheets. Complaint, ¶¶ 63-64. Finally, the Complaint alleges that Arkema "designed, manufactured, processed, packaged, distributed and/or sold the products in question in a defective condition and thereby breached an implied warranty of fitness and an implied warranty of merchantability." Complaint, ¶ 66.

Notably, no where in the Complaint are any Arkema products identified by name or type. Furthermore, plaintiffs make no _factual_ allegation which establishes that Robert Coene was ever exposed to any Arkema products.   Given this woefully insufficient pleading, plaintiffs' claims against Arkema must be dismissed in their entirety.

---

[3] This allegation is curious in light of the fact that the Complaint no where else alleges that anyone has died.

[4] The Complaint specifically alleges a failure to warn Plaintiff "that _she_ could contract _scleroderma_ by using their products and/or equipment." Complaint, ¶ 64 (emphasis added). Again, this is a curious allegation given that the Complaint is premised on a male plaintiff having contracted silicosis.

## ARGUMENT

I.   **EACH CAUSE OF ACTION AGAINST ARKEMA FAILS TO STATE A CAUSE OF ACTION AND SHOULD BE DISMISSED**

A.   **LEGAL STANDARD**

It is well established that in order to survive a motion to dismiss under FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  The "touchstone for a well-pleaded complaint under Federal Rules of Civil Procedure 8(a) and 12(b)(6) is plausibility."  In re Time Warner, Inc. Sec. Litig., 2007 U.S. Dist. LEXIS 45037, at *6 (S.D.N.Y. June 20, 2007) (citing Twombly, 127 S. Ct. at 1968).   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Avgerinos v. Palmyra-Macedon Cent. Sch. Dist., 2010 U.S. Dist. LEXIS 11988 (W.D.N.Y. Feb. 11, 2010) (Telesca, J.) (quoting Iqbal, 129 S. Ct. at 1949).  While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Savino v. Lloyds TSB Bank, PLC, 499 F. Supp.2d 306, 310 (W.D.N.Y. 2007) (quoting Twombly, 127 S. Ct. at 1964).

Indeed, FRCP 8 (a)(2) demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation".  Falso v. Churchville-Chili Central School, 2009 U.S. App. LEXIS 13357, at *2 (2d Cir. Jun. 23, 2009).  Instead, a plaintiff must present "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive a motion to dismiss.  Id.  A claim is "facially plausible when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (emphasis added); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) ("determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.") (citations omitted).  As set forth below, the Complaint falls far short of this now well-established pleading requirement.

**B.   PLAINTIFF'S SIXTH, SEVENTH, AND EIGHTH CAUSES OF ACTION FAIL TO STATE A CLAIM FOR PRODUCT LIABILITY, NEGLIGENCE, OR BREACH OF IMPLIED WARRANTY**

The Complaint's most essential defect, which permeates the entirety of its claims against Arkema, is the failure to identify which of Arkema's products plaintiffs were allegedly harmed by. The closest the Complaint comes to doing so is when it references "pow[d]er coatings," but even that fails to provide Arkema with sufficient notice of the claims against it. Arkema manufactures dozens of coating products; the phrase "pow[d]er coatings," without more, is meaningless in this context. Apart from that solitary reference to "pow[d]er coatings," the Complaint speaks only in the most generic terms, referring to "these chemicals," "these materials," and "these products." These vague allegations provide Arkema with no information as to which product plaintiffs allege they were harmed by, nor do they show a right to recovery that rises above the speculative level. Plaintiffs cannot state a claim for product liability, negligence, or breach of implied warranty because they have, in contravention of Twombly  and Iqbal, omitted a factual allegation which is necessary to make their claim plausible. See generally Sherman v. Stryker Corp., 2009 U.S. Dist. LEXIS 34105 at *12-13 (C.D.Cal. 2009) (dismissing

product liability claims, including failure to warn and breach of implied warranty, against AstraZeneca and Abbott Laboratories in part because the complaint did not identify which of these companies' drugs were at issue, referring only generically to "anesthetics" and "pain relief drugs.")

In this diversity action, the law of New York will determine the necessary elements for the claims plaintiff asserts. See Kosmynka v. Polaris Indus., 462 F.3d 74, 79 (2d Cir. 2006) (applying New York law in a diversity action alleging product liability). Turning first to the product liability claim, under New York law, "one of the necessary elements plaintiff in a strict products liability cause of action must establish by competent proof is that it was the defendant who manufactured and placed in the stream of commerce the injury-causing defective product."  Healey v. Firestone Tire & Rubber Co., 87 N.Y.2d 596, 601 (1996). This requirement of New York law featured prominently in the district court's decision in Tuosto v. Philip Morris USA Inc., 672 F. Supp.2d 350, 365-366 (S.D.N.Y. 2009), where plaintiff alleged a design defect in defendant's cigarettes. The court found that the complaint failed for the "fundamental reason" that it "did not state which of Defendant's cigarettes the decedent smoked." Id. Because "Plaintiff ha[d] implicated a class of products, but no one product in particular," the Complaint failed as a matter of law. Id. at 366. "Without a specified product, the Court cannot evaluate, and the Defendant cannot respond, to [plaintiff's] claim." Id. The reasoning in Tuosto applies with equal force here. Arkema cannot meaningfully respond to the allegation that its products were defective or contained insufficient warnings, or the allegation that it failed to adequately test its products, without knowing what products are in question.

Turning to the negligence claim, it is clear that this claim must fail for precisely the same reason as the product liability claim. Indeed, New York applies the same requirement that the <u>Tuosto</u> court found significant in the product liability context in the negligence context. <u>See</u> <u>Gifaldi v. Dumont Co.</u>, 172 A.D.2d 1025 (4th Dep't 1991). Without knowing what product is in question, it is simply impossible for Arkema to respond to allegations that it failed to test "these chemicals," that it failed to warn plaintiff of the hazards associated with "these chemicals," or that it failed to provide accurate material safety data sheets for "these materials." Count VII of the Complaint therefore fails to state a claim against Arkema for negligence.

As to the breach of implied warranty claim, it is axiomatic that a warranty applies to a specific product.  Without having identified a particular product, it is impossible to ascertain whether such product was "fit for the ordinary purposes for which such goods are used," which is what is at issue in a breach of implied warranty claim. <u>Denny v. Ford Motor Co.</u>, 87 N.Y.2d 248, 258 (1995) (quotation omitted). Count VIII of the Complaint therefore fails to plausibly state a claim against Arkema for breach of implied warranty.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss the Complaint as to Arkema in its entirety.

Dated:     October 21, 2010          **NIXON PEABODY LLP**
                Rochester, New York       *Attorneys for Defendant*
                                      *Arkema, Inc.*


By:   /s/ Christopher D. Thomas
       CHRISTOPHER D. THOMAS

1300 Clinton Square
Rochester, New York 14604-1792
Telephone:  (585) 263-1000
cdthomas@nixonpeabody.com