UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT COENE, VALERIE COENE,

                                    Plaintiffs,            DECISION AND ORDER

        -v-                                                10-CV-6546 CJS

3M COMPANY, DTM CORPORATON,
POTTERS INDUSTRIES, INC., and
ARKEMA, INC.,

                                    Defendants.


APPEARANCES

For Plaintiffs              Kenneth F. McCallion, Esq.
                            McCallion & Associates LLP
                            24 West 40th Street, 17th Floor
                            New York, New York 10018

                            Michael B. Martin, Esq.
                            Maloney, Martin, LLP
                            3401 Allen Parkway, Suite 100
                            Houston, Texas  77019

For Potters Industries:     Richard E. Leff, Esq.
                            McGivney & Kluger, P.C.
                            80 Broad Street, Floor 23
                            New York, New York 10004

For Arkema, Inc.:           Christopher D. Thomas, Esq.
                            Nixon Peabody LLP
                            Clinton Square
                            P.O. Box 31051
                            Rochester, New York 14603


INTRODUCTION

        This is a products liability diversity action under New York State Law, in which

Plaintiffs claim, *inter alia*, that Robert Coene ("Mr. Coene") developed silicosis after being

exposed to "powder coatings" manufactured by Potters Industries, Inc. ("Potters") and Arkema, Inc. ("Arkema").   Potters and Arkema have each filed a motion to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  The applications are denied.

BACKGROUND

Unless otherwise noted, the following facts are taken from Plaintiffs' Complaint ("the Complaint") in this action, and are presumed to be true for purposes of this Decision and Order.  Mr. Coene was formerly employed by Eastman Kodak Company ("Kodak") between January 1992 and February 2002, in which capacity he was exposed to silica dust.  Despite having worn respirator masks, Mr. Coene developed silicosis, a lung disease caused by inhalation of silica dust.[1]   Plaintiffs maintain that Arkema and Potters manufactured "pow[d]er coatings which contained silica or would transform into crystalline silica during the industrial process occurring at the Eastman Kodak plant." Complaint ¶ 26.  Plaintiffs further allege that Arkema and Potters "failed to warn [Mr. Coene] that the materials and products in question that were handled by [him] could cause a deadly disease known as silicosis." *Id*. Count VI of the Complaint  purports to state products liability claims against Arkema and Potters, based on, *inter alia*, the failure to warn "of the dangers associated with continued exposure to its [sic] product." *Id*. at ¶ 61.  Similarly, Counts VII and VIII purport to state claims for negligence and breach of implied warranty, respectively, against both Arkema and Potters.  These claims refer to "these chemical products" and "these materials," but do not name a particular product manufactured by either Arkema or Potters.   Instead, the

---

[1]*See*, Merriam Webster's Medical Desk Dictionary (1993) at pp. 654-655.

Complaint describes the products generally as "powder coatings" containing or giving off silica.  The Complaint does not explain the particular "industrial process" in which Arkema's and Potters' products were used.

Arkema and Potters contend that the Complaint fails to state any claim against them, for essentially two reasons.  In that regard, both Arkema and Potters maintain that the Complaint is defective because it does not specifically identify the products which injured Mr. Coene.  For example, Arkema states that, "[t]he most specific reference is to powder coatings, a reference to a general category of products, [which] does not put Arkema on notice as to what claims are being asserted against it." Christopher Thomas Aff. [#5-1] ¶ 2. Arkema goes on to indicate that it "manufactures dozens of coating products," and consequently, "the phrase 'powder coatings,' without more, is meaningless in this context." Arkema Memo of Law [#5-2] at 6.  Potters similarly contends that Plaintiff's description of "powder coatings" is too vague.

As an additional argument, Potters maintains that it does "not manufacture anything that even closely resembles 'powder coatings,'" and that consequently, Plaintiffs' allegations do "not put Potters on notice as to what claims are being asserted against it." Richard Leff Aff. [#6] at ¶ 2.   Potters explains that while it sells "very fine glass beads made of amorphous silica," Potters Memo of Law [#6-1] at 2, n.2, they "simply cannot be converted from amorphous silica to crystalline (harmful to human health) form." *Id*. at 5.  Moreover, Potters contends that it did not sell any glass beads directly to Eastman Kodak, but instead, "sold . . .  large sacks to retail distributors throughout the country, which further complicates [its] efforts to identify the alleged product identified in the Complaint." *Id*.

Plaintiffs respond that their Complaint satisfies FRCP 8(a), and that the points raised by Arkema and Potter will be addressed through discovery.  Alternatively, Plaintiffs request leave to file an amended complaint.  On July 21, 2011, counsel for Plaintiffs, Arkema, and Potters appeared before the undersigned for oral argument.

DISCUSSION

Arkema and Potters seek the dismissal of the Complaint for failure to state a claim, pursuant to FRCP Rule 12(b)(6).  The applicable legal standard is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007); *see also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.), *reversed on other grounds, Ashcroft v. Iqbal*, 129 S.Ct.1937 (2009).   When applying this standard, a district court must accept the allegations contained in the complaint

4

as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).

Applying these applicable legal principles, the Court finds that Plaintiffs' claims against Arkema and Potters satisfy FRCP 8(a).  The Complaint gives them fair notice of Plaintiffs' claims, which all involve the fact that Mr. Coene developed silicosis after breathing in silica dust from powder coatings manufactured by Arkema and Potters.  The Complaint also explains the factual ground for the claims, which is that between January 1992 and February 2002, Mr. Coene performed manufacturing work for Eastman Kodak, during which he breathed in silica dust given off by powder coating products manufactured by Arkema and Potters which contained silica.  Although the Complaint does not name the particular products which they allegedly manufactured, "for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1965, n. 3 (citation and internal quotation marks omitted).  Arkema and Potters ought to know whether they sold "powder coating" material containing silica between January 1992 and February 2002.[2] Consequently, they can frame an answer to the Complaint.  Additional information about the specific products at issue can be developed during discovery. *See, Winslow v. W.L. Gore & Assoc, Inc.*, Civil Action No. 10-116, 2011 WL 866184 at *2 (W.D.La. Jan. 21, 2011) ("[T]his is a products liability case where almost all of the evidence is in the possession of defendant or other entities. Proof will necessarily be technical in nature and it is likely

---

[2]Arkema states that it manufactured "dozens of coating products," but it does not say that it sold dozens of coating products to Eastman Kodak during the period at issue in this lawsuit.  Presumably, Arkema knows the particular product or products that it sold to Eastman Kodak during that period.

impossible for plaintiff to state more specific allegations regarding defects in manufacture and design without first having the benefit of discovery and of expert analysis, neither of which is required in order to file suit.") (footnote omitted).

Nevertheless, relying primarily on *Healey v. Firestone Tire & Rubber Co.*, 87 N.Y.2d 596, 601 (1996) ("*Healey*") and *Tuosto v. Philip Morris USA Inc.*, 672 F.Supp.2d 350, 365-366 (S.D.N.Y. 2009) ("*Tuosto*"), Arkema and Potters contend that the Complaint is deficient. However, *Healey* and *Tuosto* are factually inapposite. *Healey* involved a *summary judgment* motion in a products liability action involving a truck tire rim, where there was a dispute as to the identity of the manufacturer of the rim. *Healey*, 87 N.Y.2d at 600-602. The New York Court of Appeals held that the defendant was entitled to summary judgment, because, even after conducting discovery, the plaintiff could not prove that the defendant had manufactured the injurious rim. *Id*. at 602-603. Therefore, *Healey* is not pertinent to the instant action. *Tuosto* was a cigarette products liability case, brought in connection with the death of Mrs. Rita Tuosto, who smoked Philip Morris cigarettes for over thirty years. *Tuosto* involved, in pertinent part, a design defect claim, in which the plaintiff was required to show that the product was not reasonably safe, and that there was a safer, functional design alternative. *Tuosto*, 672 F.Supp.2d at 364. In dismissing *Tuosto*'s design defect claim, the court noted, *inter alia*, that the complaint "did not state which of Defendant's cigarettes the decedent smoked." *Id*. at 365-366. On this point, the court observed that, "[t]he specific type of cigarette Rita Tuosto smoked becomes critically relevant in light of the New York Court of

Appeals' *Adamo*[3] decision," which decision is specific to cigarette design defect products liability cases, and is not relevant to the instant case.  *Tuosto* is therefore distinguishable from the instant case.  Admittedly, the *Tuosto* decision also includes the following language, upon which Arkema and Potters rely: "Without a specified product, the Court cannot evaluate, and the Defendant cannot respond, to Tuosto's claim. Put simply, without a specified product, it is impossible to identify a specific defect." *Id*. at 366.  However, to the extent that they contend that a products liability complaint that does not specifically identify a product by name must necessarily be dismissed under FRCP 12(b)(6), this Court disagrees. *See, Coleman v. Boston Scientific Corp.*, No. 1:10-cv-01968-OWW-SKO, 2011 WL 1532477 at *2-5 (E.D.Ca. Apr. 20, 2011) (Denying motion to dismiss products liability complaint which alleged that defendant manufactured defective surgical "mesh product," but did not identify a particular product:   "Imposing on plaintiffs the burden of specifically identifying a device by reference to a specific product line or model number, without the benefit of discovery, could create an insurmountable pleading burden in some cases."); *Hemme v. Airbus, S.A.S.*, No. 09 C 7239, 2010 WL 1416468 at *3 (N.D.Ill. Apr. 1, 2010) (In products liability action involving defective electrical components in passenger jet, Defendant argued that complaint's use of the "generic word 'wiring'" was insufficient, and that plaintiff had to "identify the particular product that was allegedly defective," but the court disagreed); *cf., Bulanda v. A.W. Chesterton Co.*, No. 11 C 1682, 2011 WL 2214010 (N.D.Ill. Jun. 7, 2011) (Products liability complaint was dismissed for failure to state a claim, where plaintiff alleged only that she was injured by unspecified "asbestos products and/or asbestos

---

[3]*Adamo v. Brown & Williamson Tobacco Corp.*, 11 N.Y.3d 545, 900 N.E.2d 966 (2008).

equipment" that defendant allegedly sold; the court observed that the complaint "makes no reference" to any asbestos product manufactured by the defendant)[4]; *Harrington v. Daiso Japan*, No. 10-3876 SC, 2011 WL 2110764 (N.D.Cal. May 26, 2011) (Products liability complaint dismissed where plaintiff alleged only that she bought unspecified children's toys from retailer: "Plaintiffs do not identify the allegedly dangerous items, how they came to acquire them, how the products caused them injury, or what damages they allegedly sustained.").  As for Potters' contention that it does not produce powder coatings, that is an issue going to the merits of the case, which is not properly raised in a 12(b)(6) motion. *Halebian v. Berv*,  644 F.3d 122, 2011 WL 1707184 at *6 (2d Cir. May 6, 2011) ("[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits.") (citation and internal quotation marks omitted).

## CONCLUSION

Arkema's Motion to Dismiss [#5] and Potters' Motion to Dismiss [#6] are both denied.

 SO ORDERED.

Dated:        August 10, 2011
              Rochester, New York

ENTER:

 /s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[4]The instant case is distinguishable, of course, since Plaintiff identifies a particular type of product, "powder coating," sold to Eastman Kodak during a particular period.