UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT COENE and VALERIE COENE,

                Plaintiffs,

        v.

3M COMPANY, as Successor by merger
to Minnesota Mining & Manufacturing Company
and/or its predecessors/successors in interest,

                Defendant.
_____

DECISION & ORDER

10-CV-6546G

## MOTIONS FOR SCHEDULING ORDER AND TO QUASH
## (DOCKET ## 123, 127)

On September 11, 2014, this Court issued a lengthy Decision and Order addressing several pending motions. (Docket # 122). Familiarity with the prior Decision and Order is assumed. In that decision, I determined that the only discovery left to be completed were the depositions of Jeffrey Marshick ("Marshick"), MD, and John Spencer ("Spencer"), CIH, CSP, which had been adjourned by this Court in September 2013, and supplemental discovery relating to a second expert report by plaintiffs' expert William Meggs, MD, PhD. (*Id.* at 33). The Court directed the parties to confer and jointly propose to this Court an agreed-upon deadline for the completion of Marshick's and Spencer's depositions."[1] (*Id.*). The parties conferred but were evidently unable to reach agreement on a proposed scheduling order. (Docket ## 123-1 at ¶ 3; 125-1 at ¶¶ 12, 14).

---

[1] I also directed the parties to "confer regarding 3M's additional discovery [relating to Dr. Meggs's second report] and 3M's supplemental expert reports and jointly propose to this Court . . . an amended scheduling order setting deadlines for such fact and expert discovery." (Docket # 122 at 23). The parties have apparently agreed upon a timeline for conducting this supplemental discovery. (Docket ## 123-2; 125-2 at 15).

1

The pending motions arise from the parties' dispute whether plaintiffs are entitled to cancel the deposition of Marshick because defendant 3M Company ("3M") failed to serve a formal notice of deposition upon Marshick. (*Id.*). Specifically, plaintiffs have moved for a scheduling order that allows them to determine whether Marshick is deposed (Docket # 123) and for an order quashing 3M's subsequently issued deposition subpoena for Marshick.[2] (Docket # 127).

In the summer of 2013, the parties agreed that Marshick would be deposed on September 27, 2013. (Docket # 125-2 at 12). This agreement was reached through a series of emails between counsel for the parties and was confirmed through a series of phone calls. (*Id.* at 5-12). Subsequent to the agreement, plaintiffs served a notice to depose Marshick, which indicated plaintiffs' intent to videotape the deposition for later use at trial. (Docket # 123-3). This Court adjourned the deposition on September 26, 2013, pending resolution of the motions then before the Court. (Docket # 122 at 7).

Plaintiffs raise three arguments in support of their motion. None have merit, and two mischaracterize the record. First, although they concede that they had offered Marshick for deposition and had agreed upon a date for the deposition, plaintiffs now maintain that they have the authority to cancel the deposition because 3M did not formally serve a notice of deposition prior to the expiration of the discovery deadlines. (Docket ## 123-1 at ¶ 2; 126 at 2-3; 127 at ¶ 3). I disagree. The written communications between the parties clearly demonstrate that plaintiffs' counsel offered Marshick for deposition and later agreed to produce him for deposition on a specified date. Although prudence may have counseled 3M to confirm the

---

[2] Plaintiffs also filed a motion requesting this Court to schedule a status conference. (Docket # 121). The motion did not identify the basis for the request. (*Id.*). Having addressed the scheduling disputes, that motion is denied as moot, although the parties are free to contact this Court by letter to request a status conference if they believe one is necessary or would be helpful.

2

agreement in writing and to serve a formal deposition notice, the record demonstrates that the parties had reached an understanding that Marshick would be deposed on a set date and plaintiffs had served a notice reflecting the agreed-upon date, time, location and method of recording the deposition. *See* Fed. R. Civ. P. 30 (b). A contrary ruling by this Court would elevate form over substance at the very least, if not reward gamesmanship.

Next, plaintiffs maintain that an order permitting 3M to depose Marshick when it failed to serve a formal deposition notice would contravene this Court's prior rulings. Specifically, plaintiffs contend that this Court previously precluded them from taking various depositions because they had failed to serve notices prior to the expiration of the discovery deadlines. (Docket ## 123 at ¶ 3; 126 at 2-3; 127 at ¶ 3). According to plaintiffs, this Court "issued an order allowing only depositions that were noticed before the deadline to be taken." (Docket # 127 at ¶ 3). Plaintiffs' characterization of this Court's prior decision is inaccurate.

Rather, I found that plaintiffs had failed to demonstrate good cause to extend or reopen the discovery period. (Docket # 122 at 31). With respect to plaintiffs' request to depose 3M's experts Dr. Kevin Grady and Dr. Charles White, I determined that the record was unclear whether plaintiffs had explicitly requested their depositions (*id.* at 32) and, in any event, 3M had never agreed to produce them[3] (*id.*). I concluded that plaintiffs should have either served formal deposition notices or moved to compel the depositions prior to the expiration of the discovery deadline. (*Id.*). With respect to the other witness (Katherine Root), I concluded that plaintiffs had failed to make any attempt within the discovery period to secure her deposition. (*Id.*). In other words, my decision was premised upon plaintiffs' failure to make reasonable attempts to

---

[3] Plaintiffs maintain that they had "received commitment through email from [d]efense counsel that it would obtain dates for its experts and relied upon that commitment." (Docket # 126 at 2). Nothing in the record before the Court supports this statement. Rather, as indicated in my previous decision, 3M agreed to produce and provided dates for two of their experts, Whysner and Spencer. (Docket # 122 at 4-5 (citing Docket # 118-1)). The record does not demonstrate that 3M ever provided dates for depositions of Grady or White.

secure the desired depositions prior to the expiration of the discovery deadline. By contrast, 3M had secured an agreement with plaintiffs' counsel that Marshick would be produced for deposition on a date certain prior to the discovery deadline. This material distinction dictates a contrary result.

Plaintiffs also contend that 3M "advocated against taking the Marshick deposition" and should not be permitted now to argue in favor of the deposition. (Docket ## 126 at 1-3; 127 at ¶ 3; 131 at ¶ 2 (citing Docket # 117 at 4)). Plaintiffs again mischaracterize the record. In connection with plaintiffs' prior motion to extend the dispositive motion deadline, they argued that an extension was warranted because they needed time to secure Marshick's testimony. (Docket # 122 at 28 (citing Docket # 103)). 3M, which opposed the motion, responded that the adjournment of Marshick's deposition did not justify extending the dispositive motion deadline because plaintiffs could submit a supporting affidavit from Marshick. (Docket # 117 at 4). Consistent with its current position (Docket # 130 at 5-6), and as noted in my previous decision (Docket # 122 at 29), 3M agreed that Marshick's deposition would proceed after I ruled on the motions that were the subject of that decision.

In sum, plaintiffs' arguments lack merit and do not support the relief they seek. In view of this determination, I need not reach 3M's assertions that plaintiffs lack standing to challenge the subpoena issued to Marshick or that this Court lacks jurisdiction to quash the subpoena. (Docket # 130 at 3-4). The parties are directed to conduct the supplemental deposition of Dr. Meggs, if they have not already done so, by no later than **November 16, 2015**; 3M is directed to issue supplemental expert reports, if it desires to do so and has not already, by no later than **December 16, 2015**; and the parties are directed to conduct the depositions of Marshick and Spencer (if Spencer has not yet been deposed) by no later than **January 15, 2016**.

4

## MOTIONS TO SEAL AND FOR SANCTIONS
## (DOCKET ## 134, 135)

On March 3, 2015, plaintiffs moved to seal certain documents that were subject to a protective order issued by this Court on August 13, 2013 (Docket # 57) (the "August 2013 Protective Order") and that were attached to their motion for sanctions filed that same day (Docket # 133). (Docket # 134). Specifically, plaintiffs sought to seal Exhibits 2, 3, 4, and 5 attached to their sanctions motion. (Docket # 134-1 at 1).

In response, 3M filed a cross-motion seeking expedited consideration of plaintiffs' motion to seal because plaintiffs had filed the allegedly protected documents on this Court's Case Management/Electronic Case File system ("CM/ECF"), which is accessible by the public through this Court's Public Access to Court Electronic Records system ("PACER"). (Docket # 135). 3M also requests that Exhibits 1 and 6 be sealed consistent with the terms of protective orders issued in other pending cases. (*Id.* at 4, 7 ¶ 5, Exhibits ("Exs.") A and B). Additionally, 3M seeks sanctions on the grounds that plaintiffs have violated the August 2013 Protective Order by filing the documents on CM/ECF and that they previously violated the Protective Order in the same manner in connection with an earlier-filed motion for summary judgment.[4] (*Id.* at 4, 7 ¶ 2 (referring to Docket ## 79, 81, 83, 108).

On March 5, 2015, Judge Geraci ordered that all of the exhibits attached to plaintiffs' motion for sanctions be temporarily sealed pending this Court's resolution of the motion to seal (Docket # 134) and the motion to expedite and for sanctions (Docket # 135), both of which he referred to this Court for determination. (Docket ## 136, 137). Accordingly, that portion of 3M's motion which sought expedited relief is now moot.

---

[4] 3M had sought expedited relief and sanctions in connection with this previous filing. (Docket ## 81, 83). United States District Judge Frank P. Geraci, Jr. reserved on the issue of sanctions, but ordered that the documents be sealed. (Docket # 108).

The parties agree that Exhibits 2, 3, 4, and 5 attached to Docket # 133 fall within the terms of the August 2013 Protective Order as they contain information reasonably construed as confidential and proprietary and have been marked confidential in accordance with ¶ 1 of the order. For these reasons, and for good cause shown, plaintiffs' motion to seal is granted.

With respect to Exhibits 1 and 6, which contain deposition testimony from other pending cases against 3M that have been brought by plaintiffs represented by the same counsel who represents plaintiffs in this case, the parties apparently dispute whether these transcripts are subject to a protective order. (Docket ## 135 at 4, 7 ¶ 5 and Exs. A and B; 141 at 2). Having reviewed the exhibits and the relevant protective orders, I agree with 3M that Exhibit 6 (Docket # 133-8) is clearly marked confidential in accordance with the protective order issued in that case (Docket # 135 at Ex. B ¶ 11). With respect to Exhibit 1 (Docket # 133-3), that deposition occurred approximately one week prior to the filing of plaintiffs' motion in this case, and thus 3M's right under the relevant protective order to make confidential designations within thirty days had not yet expired. (Docket # 135 at Ex. A at ¶ 10). On this record, I conclude that 3M has reasonably construed Exhibits 1 and 6 (Docket ## 133-3 and 133-8) as containing confidential and proprietary information and that the exhibits have been or will be designated in accordance the provisions of the relevant protective orders. For these reasons, and for good cause shown, 3M's request to seal these documents is granted.

With respect to 3M's request for sanctions, I agree that attorneys' fees are warranted for plaintiffs' obvious disregard of his obligations under the August 2013 Protective Order and this Court's Local Rules. *See Nanjing Textiles Imp. Exp. Corp. v. NCC Sportswear Corp.*, 2006 WL 2381847, *2 (S.D.N.Y. 2006) (awarding attorneys' fees and costs where plaintiff violated order by attaching confidential documents to publicly filed motion papers); *see*

6

*also Flaherty v. Filardi*, 2009 WL 3762305, *5-6 (S.D.N.Y. 2009) (finding plaintiff in contempt and awarding attorneys' fees for plaintiff's violation of protective order). The August 2013 Protective Order directs that Protected Documents[5] are to be submitted to the Court *in camera* unless otherwise agreed by 3M or ordered by the Court. (Docket # 57 at ¶ 3). Similarly Rule 5.3(c) of the Local Rules for the Western District of New York directs parties who seek to have documents filed under seal to comply with the procedures set forth in the CM/ECF Administrative Procedures Guide. Section 2(o)(i) of the CM/ECF Administrative Procedures Guide explains in detail the procedure for filing documents under seal. As relevant here, litigants are directed to submit to the chambers of the assigned judge the documents to be sealed and are specifically directed not to electronically file them. *See* CM/ECF Administrative Procedures Guide § 2(o)(i)(2) ("[a] party seeking to file a document under seal shall deliver a paper copy of [the original document to be sealed] directly to the chambers of the assigned judge, **without** electronically filing the same"). Thus, plaintiffs violated the August 2013 Protective Order and this Court's Local Rules by electronically filing the Protected Documents on the CM/ECF system.

Lack of familiarity with this Court's filing procedures does not excuse plaintiffs' conduct, particularly where, as here, their conduct had occurred before, prompting a previous sanctions motion, and also violated the parties' Protective Order. Accordingly, 3M's motion for sanctions is granted. Counsel for the parties are hereby directed to confer with respect to the amount of attorneys' fees and costs incurred by 3M in preparing the pending motions (Docket ## 134, 135), as well as the previous motion (Docket ## 79, 81, 83), and to notify this Court by

---

[5] Pursuant to the August 2013 Protective Order, "Protected Documents" are documents produced by 3M containing confidential or proprietary information that have been designated as confidential by 3M. (Docket # 57 at ¶ 1).

no later than **September 30, 2015** if no agreement has been reached as to the amount of reasonable fees and costs to be reimbursed.

## **CONCLUSION**

For the reasons discussed above, plaintiffs' motions for a proposed scheduling order (**Docket # 123**) and to quash (**Docket # 127**) are **DENIED**.  Plaintiffs' motion for a status conference (**Docket # 121**) is **DENIED without prejudice as MOOT**.  Plaintiffs' motion to seal (**Docket # 134**) is **GRANTED**, and Exhibits 2, 3, 4, and 5 (Docket ## 133-4, 133-5, 133-6 and 133-7) shall be **SEALED** until further Order of this Court.  3M's request to seal certain documents (**Docket # 135**) is **GRANTED**, and Exhibits 1 and 6 (Docket ## 133-3 and 133-8) shall be **SEALED** until further Order of this Court.  That portion of 3M's motion (**Docket # 135**) seeking expedited relief is **DENIED as MOOT**, and that portion of 3M's motion (**Docket # 135**) seeking sanctions is **GRANTED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
September 16, 2015