UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT COENE and VALERIE COENE,

                    Plaintiffs,                         Case # 10-CV-6546-FPG

          v.                                            DECISION AND ORDER

3M COMPANY, as Successor by merger to
Minnesota Mining & Manufacturing Company
and/or its Predecessors/Successors in Interest

                    Defendant.

_____

        Before the Court are several motions filed by both parties.  Defendant 3M Company

("3M") has filed a Motion for Summary Judgment (ECF No. 68) that includes a motion to

exclude certain expert testimony.  Plaintiffs Robert Coene ("Coene") and Valerie Coene have

filed a Motion for Partial Summary Judgment (ECF No. 71), a Motion to Strike Summary

Judgment Evidence (ECF No. 94), a Motion for Leave to Contest One Additional Fact as Untrue

and to Supplement the Summary Judgment Record (ECF No. 110), and a Motion for Sanctions

(ECF No. 133) that is related to its partial summary judgment motion.

## BACKGROUND

        This is a products liability case arising out of Coene's alleged exposure to silica dust

during his employment at Eastman Kodak Company ("Kodak").  Coene worked as a technician

for Kodak in Rochester, New York from 1992 to 2002.  In this capacity, he operated machinery

that created prototype camera parts via two processes known as selective laser sintering and

steriolithography.

        Coene spent the majority of his time working in the selective laser sintering process.  In

selective laser sintering, a three-dimensional image of a prototype part is first modeled on a

computer, and that model is then transmitted to a selective laser sintering machine. Coene's first responsibility was to load this machine with a powdered material called Duraform GF. The machine would heat the powder to a temperature just below its melting point, and a laser would then strike thin layers of the powder at a time in accordance with the computer model. The laser caused the layers of powder to melt and meld together and, layer by layer, the powder would solidify into a three-dimensional prototype camera part. After the part was formed, Coene was responsible for removing excess powder from it with a brush and sandblaster.[1]   Coene also periodically cleaned and dusted the selective laser sintering area.

Coene asserts that selective laser sintering was "very dusty" and that he was exposed to noxious silica dust during the selective laser sintering process. ECF Nos. 1, 95. He brought this action against 3M for manufacturing a disposable respirator called the 3M 8710, which he wore at Kodak from 1992 to 1998. He alleges that the 3M 8710 failed to prevent him from inhaling silica dust, causing him to develop the lung disease silicosis.

At a late stage in the discovery period, Coene also began asserting that he was exposed to nylon and resin dust as a result of the laser sintering process. The 3M 8710 respirator also failed to prevent him from inhaling these materials, and accordingly, he contracted "interstitial fibrosis." ECF No. 62-1, at 17. Interstitial fibrosis is, essentially, an umbrella category of lung diseases that includes silicosis. To properly discuss 3M's Motion for Summary Judgment, it is necessary to briefly review the events during discovery that gave rise to the interstitial fibrosis theory.

In his initial expert disclosure, Coene identified Dr. William Meggs ("Meggs") as an expert who would testify about Coene's "diagnosis of silicosis and its causes." ECF No. 67-2, at 25. In Meggs's subsequent expert report, Meggs opined that Coene was exposed to and inhaled

---

[1]     Sandblasting is a way to clean a surface by blasting it with an abrasive material at high pressure.

silicon dioxide crystals, i.e., respirable silica, which caused his silicosis. ECF No. 62-1, at 4–6. According to Meggs, the noxious silicon dioxide crystals were formed when the Duraform GF powder was heated and struck with a laser during the laser sintering process. *Id.*

After the deadline to disclose expert opinions and, notably, about three years after filing the Complaint, Coene submitted a second "supplemental" report by Dr. Meggs. ECF No. 63, at 4–5. In this "supplemental" report, Meggs raised for the first time the idea that Coene was not just exposed to silica dust which caused silicosis, but he was exposed to nylon and resin dust which caused interstitial fibrosis.

Magistrate Judge Payson subsequently held a hearing to decide, in part, whether to strike Meggs's untimely second report. In her September 11, 2014 Order, she first found that Meggs's second report was not merely a "supplement" to Meggs's first report but was actually an entirely new opinion. ECF No. 122, at 17–23. She went on to determine that while excluding the second Meggs report was too harsh of a penalty for Coene, she needed to reopen discovery so that 3M could re-depose Dr. Meggs regarding his new theory and supplement its own expert reports (*Id.* at 23). Judge Payson also gave the parties' more time to depose Dr. Marshick, a doctor who has personally treated Coene, and John Spencer, an industrial hygienist who is one of 3M's experts. Under Judge Payson's September 16, 2015 Order, the renewed discovery period will now close on January 15, 2016 (ECF No. 145 at 4).

In sum, Coene has asserted a variety of claims against 3M sounding in products liability, breach of warranty, negligence, and fraud. Coene alleges that the 3M 8710 respirator was defective and caused him to inhale noxious silica, nylon, and resin dust. Accordingly, he contracted silicosis and, more generally, interstitial fibrosis. Discovery regarding his exposure to nylon and resin dust and the interstitial fibrosis theory is ongoing.

DISCUSSION

The Court now turns to each of the pending motions.  First, the Court will discuss 3M's Motion for Summary Judgment (ECF No. 68) while also briefly addressing Coene's motion to exclude evidence from the summary judgment record (ECF No. 94).  The Court will then discuss Coene's Motion for Partial Summary Judgment (ECF No. 71) while also addressing Coene's motion to supplement the partial summary judgment record (ECF No. 110) and his Motion for Sanctions related to his motion for partial summary judgment (ECF No. 133).

## I.      Defendant's Motion for Summary Judgment

As explained above, Judge Payson reopened discovery until January 2016 primarily to let the parties gather evidence related to Meggs's second report.  Meggs's second report raised the new theory that Coene was exposed to nylon and resin dust, which caused Coene to contract interstitial fibrosis.  In short, while this was once a case about silica exposure and silicosis, it has turned into a case also about nylon and resin exposure and interstitial fibrosis.

The problem is that 3M filed its summary judgment motion prior to Judge Payson's decision to reopen the discovery period.  Accordingly, 3M's motion proceeds on the assumption that this is still only a silicosis case.  In this vein, the Motion argues for summary judgment in the following two steps:  First, certain expert testimony must be excluded under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*  509 U.S. 579 (1993).  Specifically, Dr. Meggs's original opinion, where he opined that respirable silica was *created* when the laser sintering machine heated and struck Duraform GF powder with a laser, must be excluded. Second, respirable silica was never present in Coene's workplace in *native* form.   This contention is supported by an affidavit from a Kodak employee, Katherine Root  (ECF No. 68-4).

In short, 3M argues that (a) Coene does not have admissible expert testimony to show that respirable silica was *created* during the laser sintering process, and (b) respirable silica was never present in Coene's workplace in *native* form.   Thus, Coene was never exposed to respirable silica at Kodak in the first place and, consequently, we do not even have to reach the issue of whether the 3M 8710 respirator was defective.   In legal terms, 3M argues that Coene has a but-for causation problem right out of the gate: With or without the respirator, Coene was simply never exposed to respirable silica.

Unfortunately for 3M, Coene has now broadened the scope of this case by contending, with the second Meggs report, that he was also exposed to nylon and resin dust.   This exposure caused him to contract interstitial fibrosis.   Accordingly, it is possible that after the new discovery regarding nylon and resin exposure, Coene will show that noxious nylon and resin dust was present in Coene's workplace, and the 3M 8710 did not prevent him from inhaling these materials.   In other words, after the latest round of discovery, Coene may be able to solve any perceived but-for causation problem that would otherwise defeat his claims on summary judgment.

With this background, the Court observes that summary judgment is generally disfavored before the end of discovery. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5 (1986) ("[S]ummary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition"); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (noting that the purpose of summary judgment is to allow for disposition of a case "after adequate time for discovery"); *Trebor Sportswear Co. v. The Ltd. Stores, Inc.,* 865 F.2d 506, 511 (2d Cir. 1989) ("[S]ummary judgment "may be inappropriate where the party opposing it shows . . . that he cannot at the time present facts essential to justify his opposition.") (internal quotations and citations omitted) (ellipses in original).   This Court

similarly disfavors summary judgment at this stage in the present case. The reason is straightforward: 3M has moved for summary judgment on the basis of a lack of causation. Discovery regarding the cause of Coene's injuries is ongoing.

In sum, it would be premature to consider 3M's Motion for Summary Judgment at the present time. The Court will allow 3M to submit a new motion for summary judgment after the renewed discovery period has ended. Thus, 3M's summary judgment motion is DENIED WITHOUT PREJUDICE.

## II.      Plaintiffs' Motion to Strike Summary Judgment Evidence

Coene seeks to exclude three pieces of evidence from the summary judgment record in a Motion to Strike Summary Judgment Evidence. ECF No. 94. All of these pieces of evidence are associated with the merits of 3M's summary judgment motion. To briefly summarize, he seeks to exclude the affidavit of Katherine Root, the industrial hygienist at Kodak who avers that respirable silica was never present in Coene's workplace in native form. He seeks to exclude the affidavit of Bernadette Weaver-Catalana, an attorney for 3M whose Affidavit outlines the exhibits supporting 3M's summary judgment motion. Finally, he seeks to exclude two of 3M's experts who wish to testify that Coene suffers from an autoimmune lung disease that is not silicosis.

Because the Court declined to reach the merits of 3M's summary judgment motion due to ongoing discovery, Coene's motion to strike is DENIED AS MOOT.

## III.      Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs have moved for partial summary judgment on the basis of negligence per se. ECF No. 71. In the Motion, Plaintiffs contend that in order to sell the 3M 8710 respirator for use around noxious dusts, 3M was required to comply with certain federal regulations promulgated

by the National Institute for Occupational Safety and Health (NIOSH).[2]   These regulations established standards that manufacturers were required to follow when testing their respirators for effectiveness.  *See* 30 C.F.R. § 11.1.  According to Plaintiffs, when the 3M 8710 began failing to pass silica dust tests and another substitute test required by the regulations, 3M modified its internal testing equipment and altered its auditing forms to make it appear as though the 8710 was passing the required tests.  3M never communicated these changes to NIOSH. Thus, Coene argues, it violated NIOSH regulations and is negligent as a matter of law.

A motion for partial summary judgment utilizes the same standards as a motion for summary judgment.  *See* Fed. R. Civ. P. 56(a).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Id.*  The moving party has the burden of showing that no genuine factual dispute exists.  *Carlton v. Mystic Transp.*, Inc., 202 F.3d 129, 133 (2d Cir. 2000) (citing *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994)). In determining whether such a dispute exists, the court draws all reasonable inferences and resolves all ambiguities in favor of the non-moving party.  *See Okin v. Vill. of Cornwall–on– Hudson Police Dep't*, 577 F.3d 415, 427 (2d Cir. 2009).  The Court's function in deciding a summary judgment motion is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial."  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Here, Coene's partial summary judgment motion on the basis of negligence per se must fail.  As a federal court in the state of New York sitting in diversity jurisdiction, we apply the substantive law of New York.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Per the Second Circuit in *Chen v. United States*, the law in New York regarding the use of regulations as

---

[2]   Specifically, Coene contends that 3M violated 30 C.F.R. §§ 11.33, 11.40, 11.43, 11.140-5, 11.140-7, 11.140-9.

a basis for negligence per se is clear: "[I]t is long and firmly established in New York that the violation of a rule of an administrative agency is merely some evidence of negligence but does not establish negligence as a matter of law[,] because a regulation lacks the force and effect of a statute." *Chen v. United States*, 854 F.2d 622, 627 (2d Cir. 1988) (internal quotations omitted) (citing *Long v. Forest–Fehlhaber,* 55 N.Y.2d 154, 160 (1982) (quoting *Teller v. Prospect Hgts. Hosp.,* 280 N.Y. 456, 460 (1939)).  In *Chen* as in the present case, the plaintiffs attempted to use a violation of federal regulations as a basis for negligence per se.  *See id.* at 626–27.  That attempt failed, and accordingly, it must fail in this case as well.  3M cannot be negligent per se on the basis that it violated federal regulations relating to the manufacture and testing of the 3M 8710.

Perhaps realizing this fundamental problem in his original Memorandum of Law, Coene asserted for the first time in his Reply brief that 3M had also violated the Federal Coal Mine Health and Safety Act of 1969 (ECF No. 109, at 8), which was amended by the Federal Mine Safety and Health Act of 1977.  30 U.S.C. § 801 *et seq.*  In short, Coene argues in the Reply brief that 3M violated specific provisions of the Federal Mine Safety and Health Act that prohibit the distribution of "equipment for use in a coal or other mine" not in compliance with certain federal regulations.  *See* 30 U.S.C. § 820(h).  He contends that since 3M violated regulations related to testing of the 3M 8710 as outlined above, 3M also violated the Federal Mine Safety and Health Act.  He concludes that because 3M violated this *statute* and not just regulations, 3M is negligent per se.  This argument also must fail.

Under New York law, "when a defendant violates a statute that defines the degree of care to be used under certain circumstances, the violation constitutes negligence *per se* if (1) it causes the injury, (2) the plaintiff is a member of the class intended to be benefited by the statute, and (3) the statute is intended to protect against the very hazard that caused the plaintiff's injury."

*Mauro v. Costco Wholesale Corp.*, No. 09-CV-1391 VVP, 2013 WL 3816731, at *4 (E.D.N.Y.

July 22, 2013) (citing *Martin v. Herzog*, 228 N.Y. 164, 168–169 (1920); *Dance v. Town of

Southampton*, 95 A.D.2d 442, 445 (1983)).   With regard to the second prong, the New York

Court of Appeals has emphasized repeatedly that negligence per se is only appropriate when the

statute is "designed to protect a definite class of persons from a hazard of definable orbit."

*Koenig v. Patrick Const. Corp.*, 298 N.Y. 313, 317 (1948); *see also Van Gaasbeck v. Webatuck

Central Sch. Dist. No. 1 of Towns of Amenia*, 21 N.Y.2d 239, 244 (1967); *Martin v. Herzog*, 228

N.Y. 164, 168, (1920) (cautioning against using negligence per se when "the one who complains

of the [violation] is not a member of the class for whose protection the safeguard is designed").

In other words, in deciding whether to apply negligence per se, it is necessary at the outset to

determine whether the plaintiff is a member of the discrete, definite class of persons the statute in

question was designed to protect.

As may be predictable from its name, the Federal Mine Safety and Health Act begins by

stating that "the first priority and concern of all in the coal or other mining industry must be the

health and safety of its most precious resource—the miner." 30 U.S.C. § 801(a).   It goes on to

reiterate in the very first section that its "purpose" is "to protect the health and safety of the

Nation's coal or other miners." 30 U.S.C. § 801(g).   Indeed, the motivation for the statute was

clearly stated by President Nixon in March of 1969, who called on Congress to act on behalf of

the nation's miners by saying, "Death in the mines can be as sudden as an explosion or a collapse

of a roof and ribs, or it comes insidiously from pneumoconiosis, or black lung disease." *See

Morris v. Mathews*, 557 F.2d 563, 567 (6th Cir. 1977).   Congress heeded President Nixon's

message and, later that year, passed the Act to adequately compensate miners who were totally

disabled by black lung disease. *See id.*

With this in mind, it is difficult to understand how Coene could be a member of the discrete class of persons that the Federal Mine Safety and Health Act was designed to protect. The Act was clearly concerned with one definite, discrete class of persons: miners. Accordingly, miners, or at least people associated with mines, are the class plaintiffs who could conceivably borrow a standard of care from the Act. Coene was a technician at Kodak who created prototype camera parts. He cannot borrow a standard of care from the Act, and thus 3M cannot be negligent per se on the basis that it violated the Federal Mine Safety and Health Act.

As a final note on Coene's partial summary judgment motion, Coene is somewhat unclear in the briefing about exactly what type of relief he seeks. On the face of his Memorandum of Law, he indeed seeks partial summary judgment on the basis of negligence per se. ECF No. 72, at 1. But the Memorandum concludes with the following sentence: "In this case, this Court should find that 3M violates 30 C.F.R. part 11 from 1974 to 1998 and Plaintiffs request an instruction to the jury of this finding." *Id.* The Court construes this sentence not as a motion for summary judgment or partial summary judgment because, as explained above, a violation of a regulation is not a part of a negligence per se claim in New York. Rather, Coene appears to be asking the court to enter an order stating that 3M violated 30 C.F.R. Part 11, the federal regulations in question.

Under Rule 56(g) of the Federal Rules of Civil Procedure, this Court generally does have the power to enter such an order. Rule 56(g) reads as follows: "If the court does not grant all the relief requested by the [summary judgment] motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." *See* Fed. R. Civ. P. 56(g). Applying this rule to the issue at hand, the Court first questions whether 3M's alleged violation of federal regulations is actually a "material" fact in this case. Again, under New York law, the violation of a regulation cannot

form the basis for negligence per se and is merely "some evidence" of negligence. *See Chen*, 854 F.2d at 627.

Regardless, however, of whether 3M's alleged violation of certain regulations is "material" or in genuine dispute, the Court will exercise its discretion and decline to enter an order that 3M violated the regulations in question. The Advisory Committee has offered the following note on Rule 56(g): "Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event." Fed. R. Civ. P. 56(g) Advisory Committee's Notes to 2010 Amendments. This Court concludes that because a violation of a regulation is just "some evidence" a jury can consider in deciding whether 3M breached its duty of care, it is indeed an issue better left to the jury as the jury determines, based on all the circumstances, the degree of care 3M owed Coene. In other words, it would not be prudent to enter an order as to "some evidence" the jury may consider on the negligence claim.

In sum, the request for an order that 3M violated federal regulations is DENIED. Additionally, the renewed discovery period does not relate Coene's claim based on negligence per se, so the Court will not allow Coene to submit another summary judgment motion. Coene's partial summary judgment motion is DENIED WITH PREJUDICE.[3]

---

[3]  Eight days after filing his partial summary judgment motion, Coene filed an "Amended Notice of Motion for Partial Summary Judgment on Negligence Per Se." ECF No. 82. In this "Amended Notice," he requested the opportunity to file a reply brief to his partial summary judgment motion, and he attached a Statement of Undisputed Material Facts that he "inadvertently" failed to include with his partial summary judgment motion. Coene's Amended Notice is an attempt to comply with local rules on reply papers and summary judgment motions. *See* L.R. Civ. P. 7(a)(1); L.R. Civ. P. 56(a)(1).

The court has already addressed Coene's Reply brief and, given that regulations cannot form the basis for negligence per se in New York, does not need to address Coene's Statement of Undisputed Material Facts. Accordingly, Coene's Amended Notice of Motion for Partial Summary Judgment on Negligence Per Se has been considered and is now moot.

**IV.    Plaintiffs' Motion for Leave to Contest One Additional Fact as Untrue and to Supplement the Summary Judgment Record**

Two days after Coene filed a Reply brief on his Motion for Partial Summary Judgment, Coene moved for leave of court so that he could file an additional exhibit to the Reply brief.[4] ECF No. 110.  The exhibit purports to contradict an assertion made by 3M in its Response to Coene's partial summary judgment motion that the 3M 8710 passed a NIOSH certification test in the 1970s.  The overarching purpose of the additional exhibit is to bolster Coene's argument that 3M was selling a respirator without NIOSH certification, and thus 3M was in violation of federal regulations.

As discussed above, the Court has declined to consider whether 3M violated federal regulations as such a violation cannot form a basis for negligence per se in New York.  Accordingly, Coene's motion is DENIED AS MOOT.

**V.    Plaintiffs' Motion for Sanctions**

Finally, Plaintiffs have filed a Motion for Sanctions against 3M.  Plaintiffs impetus for the Motion is a "dishonest" affidavit 3M attached to its Response to Plaintiffs' Motion for Partial Summary Judgment.  ECF No. 133, at 7.  The Affidavit is that of Philip Eitzman, who developed disposable respirators for 3M in the 1990s.  ECF No. 106-2, at 2.  Plaintiffs take issue with Eitzman's representation that after NIOSH allowed 3M to substitute its own test for the original silica dust test, 3M was no longer required to perform silica dust testing on the 3M 8710.  According to Plaintiffs, this statement "misrepresents critical facts" and "misleads this court" to

---

Undisputed Material Facts.   Accordingly, Coene's Amended Notice of Motion for Partial Summary Judgment on Negligence Per Se has been considered and is now moot.

[4]      Coene failed to file a notice of motion, so the docket does not reflect that the motion is pending.  Also, the Clerk of the Court renamed the motion "Continuation of Exhibits" on the docket.

a degree that is objectively unreasonable. *Id.* at 5. Plaintiffs request sanctions against 3M under Rule 11 of the Federal Rules of Civil Procedure and, in particular, ask the Court to strike the Eitzman Affidavit from the partial summary judgment record.

Before ruling on the Motion, the Court notes that this Motion for Sanctions has already caused some contention between the parties. The contention arose out of Coene's attachment of six exhibits to the Motion for Sanctions. He filed all six exhibits on this Court's Case Management/Electronic Case File system ("CM/ECF"), which is accessible by the public through the Court's Public Access to Court Electronic Records system ("PACER"). Coene subsequently moved to seal four of the exhibits (ECF No. 134) that he understood to be subject to a protective order (ECF No. 57). 3M moved for expedited consideration of Coene's motion to seal the exhibits and 3M moved for sanctions, contending that this was the second time Coene had filed protected documents on CM/ECF. ECF No. 135. Ultimately, Judge Payson sanctioned Coene for his "obvious disregard" of the protective order, and she ordered Coene to pay appropriate attorneys' fees for both violations of the protective order. ECF No. 145, at 7–8. In effect, Coene has already been sanctioned for this Motion for Sanctions.

Rule 11 gives the Court power to sanction a party for baseless representations made to the court in written papers. *See* Fed. R. Civ. P. 11(b). It provides, in part, that by submitting to the court a written motion, the attorney certifies that "it is not being presented for any improper purpose," "the claims, defenses, and other legal contentions are warranted by existing law," "the factual contentions have evidentiary support," and "the denials of factual contentions are warranted on the evidence." *Id.*

It has that power, however, in light of a key provision in 11(c)(2). This provision requires a party moving for sanctions to first serve the motion on the opposing party before submitting the motion to the court. *See* Fed. R. Civ. P. 11(c)(2). Then, if the opposing party

does not correct the challenged assertion within 21 days of service, the motion for sanctions can be submitted to the court. *See id.* Coene did not serve this Motion for Sanctions on 3M before filing it with the Court. Thus, the Motion is procedurally improper.

The Second Circuit has been clear that the 21 day "safe harbor" must be followed, and a district court abuses its discretion by imposing Rule 11 sanctions on a party when the movant has not complied with the safe harbor. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 142 (2d Cir. 2002) ("[Petitioner] was therefore not afforded the benefits of the twenty-one day 'safe harbor provision' . . . . The district court's awarding of sanctions against [Petitioner] in contravention of the explicit procedural requirements of Rule 11 was thus an abuse of discretion."); *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010) ("Rule 11(c)(2) conditions the filing of a sanctions motion on the offending party being given notice and a twenty-one-day opportunity to correct or withdraw the document."). The purpose of the safe harbor is to "reduce, if not eliminate, unnecessary expenditure of judicial time and adversary resources." *Lawrence*, 620 F.3d at 158. It is to "provide opportunities for parties to avoid sanctions altogether." *Perpetual Sec., Inc.,* 290 F.3d at 141.

In light of this clear purpose and direction from Rule 11 and the Second Circuit, the Court will not impose sanctions on 3M as Coene did not first serve the Motion on 3M. Coene's Motion for Sanctions is DENIED.

CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment (ECF No. 68) is DENIED WITHOUT PREJUDICE. Plaintiffs' Motion for Partial Summary Judgment (ECF No. 71) is DENIED WITH PREJUDICE. Plaintiffs' Motion to Strike Summary Judgment Evidence (ECF No. 94) is DENIED AS MOOT. Plaintiffs' Motion for Leave to Contest One

Additional Fact as Untrue and to Supplement the Summary Judgment Record (ECF No. 110) is

DENIED AS MOOT.  Plaintiffs' Motion for Sanctions (ECF No. 133) is DENIED.


       SO ORDERED.

DATED:     Rochester, New York
             September 30, 2015

                                    _____
                                      HON. FRANK P. GERACI, JR.
                                      Chief Judge
                                      United States District Court