UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT COENE and VALERIE COENE,

                      Plaintiffs,

         v.

3M COMPANY, as Successor by merger
to Minnesota Mining & Manufacturing Company
and/or its predecessors/successors in interest,

                      Defendant.
_____

DECISION & ORDER

10-CV-6546G

On September 16, 2015, this Court issued a Decision and Order addressing several pending motions. (Docket # 145). Familiarity with the prior Decision and Order is assumed. In that decision, I granted plaintiffs' motion to seal certain exhibits on the grounds that the parties agreed that those documents fell within the terms of the August 2013 Protective Order.[1] (*Id.* at 6). I also determined that sanctions were warranted because plaintiffs had demonstrated an "obvious disregard of [their] obligations under the August 2013 Protective Order and this Court's Local Rules." (*Id.*). Specifically, I found that plaintiffs had violated their obligations by publicly filing those exhibits pending a decision on the motion to seal and that they had previously engaged in similar conduct.[2] (*Id.* at 6-7). Accordingly, I ordered that the

---

[1] I also granted 3M's motion to seal Exhibits 1 and 6 attached to Docket # 133, over plaintiffs' objections. (*Id.* at 6).

[2] Specifically, I found that plaintiffs had previously violated the August 2013 Protective Order by publicly filing documents in connection with their motion for summary judgment that were subject to the Protective Order. (*Id.*). Plaintiffs incorrectly assert that 3M's motion for sanctions "is a recapitulation of a previously filed motion, which never received a ruling." (Docket # 149 at 8). As I explained in my previous Decision and Order, Chief Judge Geraci issued a decision sealing the documents at issue, but reserved decision on the issue of sanctions. (Docket # 145 at 5 n.4). In my previous Decision and Order (Docket # 145), I resolved the aspect of that sanctions

parties confer regarding the amount of attorneys' fees and costs incurred by 3M in preparing the submissions in connection with the motions to seal. (*Id.* at 7 (citing Docket ## 79, 81, 83, 134, 135).

On September 29, 2015, the parties informed the Court that they were unable to agree on the amount of reasonable fees and costs to be reimbursed. (Docket # 147). Accordingly, I directed 3M to submit a request for attorneys' fees, along with an affidavit explaining and substantiating the request. (*Id.*). 3M filed its submission on October 13, 2015 (Docket # 148), and plaintiffs responded on October 23, 2015 (Docket # 149). At this time, the only issue pending before the Court is whether the amount of reimbursement sought by 3M is reasonable.

Plaintiffs oppose the imposition of sanctions on the grounds that this Court lacks subject matter over the dispute and that sanctions are unwarranted because plaintiffs acted in good faith. (*Id.* at 1-7). They also maintain that the amount of reimbursement sought by 3M is unreasonable and should be reduced. (*Id.* at 7-8).

Of course, plaintiffs' arguments concerning whether the Court has jurisdiction to award sanctions and whether the purported good-faith nature of their conduct warrants the imposition of sanctions challenge the propriety of the decision to impose sanctions, a challenge that is not properly before the Court. Such arguments should have been raised previously in opposition to 3M's sanctions motions.

In any event, plaintiffs' arguments concerning whether the documents at issue are properly marked confidential in this litigation is irrelevant to the dispute now pending before the Court. Plaintiffs' attorney previously filed sworn declarations with this Court attesting that the

---

motion that related to the public filing of documents subject to the Protective Order, along with the sanctions issue raised by plaintiffs' motion to seal (Docket # 134).

documents are indeed subject to the August 2013 Protective Order issued in this litigation. (Docket ## 73 at 1; 79-1 at 1; 134-1 at 1). As explained in my previous Decision and Order, plaintiffs violated the terms of the August 2013 Protective Order and this Court's Local Rules by filing those documents publicly. (Docket # 145 at 6-7). Thus, even if the issue of the propriety of the imposition of sanctions were properly before the Court at this time, plaintiffs' submissions demonstrate no basis for this Court to reconsider its previous ruling.

I turn next to the reasonableness of the fees requested by 3M. 3M's counsel has submitted an affidavit, accompanied by a summary of billing records, requesting fees in the amount of $5,000. (Docket # 148 and Exhibit ("Ex.") A). Plaintiffs have opposed this request as excessive. (Docket # 149 at 8). For the reasons discussed below, 3M is hereby awarded attorneys' fees and costs in the amount of $3,444.

An award of reasonable attorneys' fees is typically calculated using the lodestar methodology, which requires the court to determine counsel's reasonable hourly rate and multiply it by the reasonable number of hours expended by counsel; that figure may then be adjusted in the district court's discretion. *See*, *e.g.*, *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) ("the lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence") (internal quotation omitted); *Grievson v. Rochester Psychiatric Ctr.*, 746 F. Supp. 2d 454, 460-61 (W.D.N.Y. 2010); *Jack v. Golden First Mortg. Corp.*, 2008 WL 2746314, *2 (E.D.N.Y. 2008); *Moreno v. Empire City Subway Co.*, 2008 WL 793605, *2 (S.D.N.Y. 2008); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (lodestar figure is the "presumptively reasonable fee").

According to 3M's counsel, time entries reflecting work relating to the sanctionable conduct totaled more than $10,000, but, in an effort to be reasonable, she limited

her request to time entries recorded by herself, another attorney, and the attorneys and paralegals directly supervised by that other attorney. (Docket # 148 at ¶¶ 8-9). Those total time entries totaled approximately 24.6 hours. (*Id.* at ¶ 9 and Ex. A). 3M's counsel then multiplied the total hours expended by a blended hourly rate of $274.75, resulting in $6,759, which she further reduced to the requested $5,000. (*Id.* at ¶¶ 9-10 and Ex. A).

Plaintiffs' counsel has not specifically objected to the requested hourly rate or the use of a blended rate. (Docket # 149). *See Riley v. City of New York*, 2015 WL 9592518, *2 (E.D.N.Y. 2015) ("[a]lthough the Second Circuit has not endorsed the use of a blended rate, courts in this Circuit have awarded attorneys' fees based on blended rates in cases involving attorneys at the Law Department and attorneys at private law firms where attorneys with different billing rates and seniority worked together on a case") (internal citations omitted). Considering the lack of opposition, I will allow the award to be calculated using a blended rate, although I find, based upon my familiarity with prevailing hourly rates in this district, that the blended hourly rate of $274.75 is unreasonable. *See Costa v. Sears Home Improvement Prods.*, 2016 WL 5266524, *5 (W.D.N.Y. 2016) ("[t]he hourly rates generally allowed in this District . . . are in the range of $225-$250 for partner time or senior associate time, $150-$175 for junior associate time, and $75 for paralegal time"). Because counsel for 3M has represented that the total hours for which she requests reimbursement include work undertaken by associate attorneys and paralegals, as well as supervising attorneys, I reduce the blended hourly rate to $200 per hour.

Plaintiffs have objected to the number of hours for which reimbursement is sought. Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from the award as unreasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "In

calculating the number of reasonable hours, the court looks to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d. Cir. 1992) (internal quotation omitted).  One way to accomplish that reduction is to evaluate the reasonableness of each individual time entry and to make reductions and exclusions as necessary. *See*, *e.g.*, *Pasternak v. Baines*, 2008 WL 2019812, *7 (W.D.N.Y. 2008); *Rich Prods. Corp. v. Impress Indus.*, 2008 WL 203020, *3 (W.D.N.Y. 2008).  Another "practical means of trimming the fat" is to apply a reasonable percentage reduction to the total number of hours requested. *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation omitted); *see*, *e.g.*, *Simmonds v. New York City Dep't of Corr.*, 2008 WL 4303474, *8 (S.D.N.Y. 2008) (applying 40% reduction); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) (applying 15% reduction); *Moreno v. Empire City Subway Co.*, 2008 WL 793605 at *6 (S.D.N.Y. 2008) (applying 15% reduction); *Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 388 F. Supp. 2d 159, 167 (W.D.N.Y. 2005) (applying 20% reduction); *Elliott v. Bd. of Educ. of Rochester City Sch. Dist.*, 295 F. Supp. 2d 282, 286 (W.D.N.Y. 2003) (applying 10% reduction); *Auscape Int'l v. Nat'l Geographic Soc'y*, 2003 WL 21976400, *5 (S.D.N.Y.) (applying 20% reduction), *aff'd* 2003 WL 22244953 (2d Cir. 2003); *Sabatini v. Corning-Painted Post Area Sch. Dist.*, 190 F. Supp. 2d 509, 522 (W.D.N.Y. 2001) (applying 15% reduction).

       3M's counsel has submitted a declaration affirming that a total of 24.6 hours were expended in connection with the motions.  I have carefully reviewed counsel's submission and find, based upon that review and my familiarity with this matter, that some of the time logged appears excessive.  For example, the billing summary indicates that counsel expended 5.6 hours to review plaintiffs' filings and related orders of this Court.  In addition, counsel asserts that 5.1

hours were expended reviewing the confidential documents and determining the proper handling of the documents under the Protective Order and 5.4 hours were expended by attorneys to discuss and coordinate their strategy. Those hours exceed the time reasonably necessary to determine whether the documents were indeed subject to the August 2013 Protective Order, particularly in view of plaintiffs' concession that they were, and to determine how to proceed.

3M's counsel also asserts that approximately 7.7 hours were expended to conduct legal research and draft the submissions relating to the improper filing of the documents. The documents submitted by 3M's counsel, excluding the certificates of service and notices of motion, consist of approximately seventeen pages of attorney declarations and legal memoranda. (Docket ## 81, 83, 135). I find that those hours are reasonable for the work accomplished. In my discretion, I determine that the number of hours for which reimbursement is sought should be reduced by thirty percent to arrive at a reasonable number of hours. Applying that thirty percent reduction results in a total fee of $3,444 (17.22 hours x $200).

## CONCLUSION

For the reasons discussed above, plaintiffs are hereby ordered to reimburse defendant the sum of $3,444 in attorneys' fees by no later than thirty (30) days from the date of this Order.

**IT IS SO ORDERED.**

                 *s/Marian W. Payson*
                 MARIAN W. PAYSON
                 United States Magistrate Judge

Dated: Rochester, New York
    January 5, 2017